UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA PATTERSON, Personal Representative of the Estate of Wade Fallon Patterson, deceased,<br><br>        Plaintiff,<br>v.<br><br>1)    UNITED STATES OF AMERICA, *ex rel*. THE DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>2)    UNITED STATES OF AMERICA, *ex. rel*. PUBLIC HEALTH SERVICES;<br><br>3)    UNITED STATES OF AMERICA, *ex. rel*. INDIAN HEALTH SERVICES;<br><br>4)    UNITED STATES OF AMERICA, *ex. rel*. OKEMAH CREEK NATION COMMUNITY HOSPITAL;<br><br>5)    DOUGLAS DAVIES, M.D.;<br><br>6)    OKLAHOMA HEART INSTITUTE, a Tennessee Corporation,<br><br>        Defendants. | Case No. 21-CV-247-SPS |

## **COMPLAINT**

Plaintiff, Brenda Patterson, Personal Representative of the Estate of Wade Fallon Patterson, deceased, for the causes of action against Defendants, alleges and states as follows:

1.    This is an action brought under the Federal Tort Claims Act for personal injury and wrongful death arising out of the negligent and/or wrongful acts and/or omissions of Physicians, nurses, staff, employees, agents, apparent agents, servants, or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of

1

America, if a private person, would be liable to the plaintiffs under the laws of the State of Oklahoma where the acts or omissions occurred.  28 U.S.C.A. §1346(b).

2.  On January 8, 2021, Plaintiff filed her administrative claim based on the facts alleged herein with the appropriate federal agency, the Department of Health and Human Services (hereinafter "the Department"), for damages arising out of the personal injury and wrongful death of Wade Fallon Patterson, deceased, based on the negligence of United States Government employees, agents, apparent agents, servants or representatives practicing within the course and scope of their employment at the Creek Nation Community Hospital in Okemah, Oklahoma.

3.  Such claims were presented as required by 28 U.S.C.A. § 2675.  The Department acknowledged receipt of Plaintiff's administrative claims on January 28, 2021. A copy of the original administrative claims (without the originally-attached Exhibits "1A-D" through "2A") is attached to this Complaint as Exhibit "1."

4.  It has been more than six months since the administrative claims were filed with the Department.  The Department has failed to respond to Plaintiff's administrative claims. Accordingly, this Complaint is timely filed.

5.  At all times material to this Complaint, Plaintiff Brenda Patterson, was a permanent resident of the United States of America, residing in Tulsa, State of Oklahoma.

6.  Plaintiff Brenda Patterson is the surviving spouse and duly appointed personal representative of the Estate of Wade Fallon Patterson, deceased.

7.  The acts and occurrences giving rise to these claims happened primarily in Okemah, Oklahoma. Accordingly, venue is proper in the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C.A. § 1402(b).

8. At all times material to this Complaint, Creek Nation Community Hospital has been and is a hospital funded by the United States of America, the Department of Health and Human Services, Public Health Services, and Indian Health Services and is located in Okfuskee County, Okemah, Oklahoma.

9. At all times material to this Complaint, Defendant, United States of America, was the employer, principal and/or master of certain health care providers, including but not limited to, Dr. Adrienne Taren, Dr. Kenneth Mann, Jennifer Colombin, R.N., Katherine Wilson, R.N., and David Gallegos, ARRT, who administered care and treatment to Wade Fallon Patterson when he presented to the clinic on the evening of January 12, 2020.  Upon information and belief, Plaintiff asserts that these health care providers were agents, apparent agents, employees, servants, or representatives of the United States of America, the Department of Health and Human Services, Public Health Services, and/or Indian Health Services, acting within the course and scope of their agency, apparent agency, employment, servitude, or representative capacity.

10. At all times material to this Complaint, and upon information and belief, Defendant United States of America contracted with certain health care providers, including but not limited to, Dr. Adrienne Taren, Dr. Kenneth Mann, Jennifer Colombin, R.N., Katherine Wilson, R.N., and David Gallegos, ARRT, who administered care and treatment to Wade Fallon Patterson when he presented to the clinic on the evening of January 12, 2020 at Creek Nation Community Hospital.

11. At all times material to this Complaint, Defendant Douglas Davies, M.D., was a private physician practicing medicine in Tulsa, Oklahoma as an employee or agent of Defendant Oklahoma Heart Institute, which is a Tennessee Corporation with its principal place of business in Tulsa, Oklahoma.

12. Wade Patterson, deceased, was 54 years-old when he presented to the Creek Nation Community Hospital E.D. on the evening of Jan. 12, 2020 with symptoms that included chest pain, shortness of breath, tachycardia, and cough. He was examined by physicians and nurses at the E.D. A chest x-ray and ECG were ordered. The ECG indicated that Mr. Patterson was having an acute M.I. at 9:45 p.m. while at the E.D. Despite this and other symptoms consistent with a heart attack, the medical staff at the E.D., negligently and in breach of the standard of care, mis-diagnosed Mr. Patterson with sinusitis and sent him home early in the morning on Jan. 13, 2020 with prescriptions for albuterol, amoxicillin, and prednisone.

13. Later in the day on January 13, 2020, Mr. Patterson collapsed at home due to the undiagnosed heart attack. His family called 911 and began performing CPR. Mr. Patterson was transported to Saint Francis Hospital ("SFH") in Tulsa, Oklahoma where he died at 11:08 p.m.

14. An autopsy was performed at SFH and it was determined that Mr. Patterson died of a myocardial infarction (heart attack).

15. The medical staff at the E.D. breached the standard of care owed to Mr. Patterson and his family, *inter alia*, by misdiagnosing and mistreating Mr. Patterson's medical condition, and/or ignoring, misreading, or failing to wait on the findings of the ECG before sending Mr. Patterson home with a misdiagnosis.

16. Defendant Douglas Davies, M.D. also breached the standard of care owed to Mr. Patterson and his family by failing to timely interpret, read, consider, evaluate, confirm, and/or return the ECG at issue which led and/or contributed to the injuries and death suffered by Mr. Patterson.

17. At all times material to this Complaint it is believed that Defendant Dr. Davies was the employee and/or agent of Defendant Oklahoma Heart Institute. It is believed that Defendants

Dr. Davies and/or Oklahoma Heart Institute were working independently in the provision of treatment to Mr. Patterson, namely interpreting, reading, considering, evaluating, confirming, and/or returning the ECG to the Creek Nation Community Hospital. Alternatively, it is believed that Defendants Dr. Davies and/or Oklahoma Heart Institute were working in a third-party independent contractor capacity for the Creek Nation Community Hospital in providing medical services to Mr. Patterson as described herein.

18. The injuries and damages suffered by Mr. Patterson and his family were caused by instrumentalities and circumstances solely within the control of Defendants.

19. Such injuries and damages do not ordinarily occur under the circumstances absent negligence on the part of Defendants.

20. But for the negligence, errors, and omissions of Defendants, Mr. Patterson would not have suffered the significant injuries and death he endured and Plaintiff and claimants would not have suffered the injuries and damages they have incurred.

### COUNT 1: NEGLIGENCE, SURVIVOR, AND WRONGFUL DEATH PURSUANT TO 12 O.S. §§ 1051, 1053.

21. Plaintiff adopts and realleges the above paragraphs as if fully set forth herein.

22. Defendants, by and through their agents, apparent agents, employees, servants, representatives and contractors had undertaken duties to provide proper care to Wade Fallon Patterson, with that level of care, skill and treatment that is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

23. Defendants breached their duties and failing to treat to Mr. Patterson according to the accepted standards of care.

24. As a direct and proximate result of Defendants' acts, omissions, and breaches, Wade Fallon Patterson suffered bodily injury, pain, suffering, and ultimately death. Plaintiff is entitled to recover damages and compensation for such injuries, pain, and suffering under the Oklahoma Wrongful Death Statutes, 12 O.S. §§ 1051, 1053.

25. Additionally, as a direct and proximate result of Defendants' acts, omissions, and breaches, Brenda Patterson, surviving spouse, suffered pain, suffering, mental anguish, grief, loss of consortium, loss of anticipated services and support, loss of companionship and love, and the destruction of the spousal relationship, and is entitled to all remedies and damages available under the Oklahoma Wrongful Death Statute 12 O.S. § § 1053.

26. Moreover, as a direct and proximate result of Defendants' acts, omissions, and breaches, Fallon Kay and John Garrett Patterson, surviving children of Wade Patterson, suffered pain, suffering, mental anguish, grief, loss of anticipated services and support, loss of companionship and love, and destruction of the parent-child relationship, and are entitled to all remedies and damages available under the Oklahoma Wrongful Death Statute 12 O.S. § § 1053.

27. Moreover, as a direct and proximate result of Defendants' acts, omissions, and breaches, Ann Patterson, surviving parent of Wade Patterson, suffered pain, suffering, mental anguish, loss of anticipated services and support, loss of companionship and love, destruction of the parent-child relationship, grief, and is entitled all remedies and damages available under the Oklahoma Wrongful Death Statute 12 O.S. § § 1053.

### COUNT 2: NEGLIGENT CRETIALING, TRAINING, RETENTION, AND SUPERVISION, AND OSTENSIBLE AGENCY, *RESPONDEAT SUPERIOR*

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. The injuries suffered and damages sustained by Plaintiffs, occurred, *inter alia*, as a direct and proximate result of the negligence of Defendants Creek Nation Community Hospital,

the United States of America, the Department of Health and Human Services, Public Health Services, and Indian Health Services (collectively hereinafter "Creek Nation Community") and Defendant Oklahoma Heart Institute.

30. As the employers, principals, and/or masters, of the negligent caregivers to Mr. Patterson as set forth herein, these Defendants had a duty to hire, train and entrust the care of patients to only competent and qualified physicians, staff, nurses, caregivers, employees, agents, and/or servants.

31. Mr. Patterson and his family relied upon these Defendants to provide proper and professional medical care, monitoring, evaluation and treatment, and were unsuspecting that they permitted and encouraged incompetent and incapable healthcare providers to provide medical and health care services.

32. These Defendants had a further duty to monitor its employees, agents, and/or servants and failed to do so.

33. Defendants failed to hire, train and/or supervise capable and/or competent physicians, nurses, staff, employees, agents and/or servants to provide care to their patients including Wade Patterson.

34. Defendants negligently entrusted patient care, including that provided to Wade Patterson, to such incompetent physicians, nurses, staff, employees, agents and/or servants, whom these Defendants knew or reasonably should have known were not capable or competent to provide health care services in a safe manner.

35. Defendants breached their non-delegable duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for its patients.

36. Defendants failed to ensure adequate and competent staffing to provide proper care for its patients.

37. Defendants breached of their non-delegable duty of care to properly credential, monitor, supervise and proctor its physicians, nurses, staff, employees, agents and/or servants.

38. Defendants are liable for the negligence of its physicians, nurses, staff, employees, agents and/or servants, who were reasonably understood and believed to be the agent or ostensible agent of Creek Nation Community Hospital.

39. As a direct and proximate result of the negligence of these Defendants as set forth herein, Wade Patterson, suffered injuries, pain suffering, and death, and Plaintiff and claimants have suffered damages and injuries as further set herein.

**COUNT III: PUNITIVE DAMAGES AGAINST DEFENDANTS DR. DAVIES AND OKLAHOMA HEART INSTITUTE.**

40. The acts and omission of Defendants Dr. Douglas Davies and Oklahoma Heart Institute, as set forth herein, constituted conduct that was in reckless disregard for the rights of others and which was done intentionally and with malice.

41. Such conduct warrants the imposition of punitive damages pursuant to the 23 O.S. § 9.1.

**WHEREFORE**, Plaintiff Brenda Patterson, Personal Representative of the Estate of Wade Fallon Patterson, deceased, pray for and demand judgment on their claims against Defendants as follows:

    (a) damages in the amount of $6,000,000.00;

    (b) costs of this action;

    (c) interest as allowed by law;

    (d) reasonable attorney's fees as allowed by law;

(e) Punitive damages against Defendants Dr. Douglas Davies and Oklahoma Heart Institute in an amount in excess of $75,000.00; and

(f) such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Michael L. Barkett
Michael L. Barkett, OBA #16171
Smith Barkett Law Group
1202 East 33rd Street
Tulsa, Oklahoma  74105
918.582.6900 – Telephone
918.582.6907 – Facsimile
mbarkett@smithbarkett.com

*Attorneys for Plaintiffs*