IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENDA PATTERSON, Personal Representative** of the Estate of Wade Fallon Patterson, deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.**<br><br>**Defendants.** | Case No. 21-CV-00247-RAW |

**UNITED STATES OF AMERICA'S MOTION FOR PARTIAL DISMISSAL
FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT**

COMES NOW Defendant United States of America, by and through Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma, and Susan Brandon and Jason Poe, Assistant United States Attorneys, and moves the Court to dismiss plaintiff's "Count 2: Negligent Credentialing, Training, Retention, and Supervision, and Ostensible Agency, Respondeat Superior" to the extent these claims are asserted against the United States pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal is appropriate as no subject matter jurisdiction exists under the discretionary function exception to the Federal Tort Claims Act ("FTCA"), and the FTCA is the exclusive remedy for the negligence of United States' employees acting within the course and scope of their employment. For its brief in support of the Motion, the United States would show the Court as follows:

**STATEMENT OF THE CASE**

Plaintiff's Second Amended Complaint alleges claims of negligence (medical malpractice) and negligent credentialing, training, retention, supervision, ostensible agency, and respondeat superior against the United States. (Dkt #42) (Counts 1 and 2, ¶¶ 34-53). Plaintiff alleges that Plaintiff's decedent, Wade Patterson, presented to the Creek Nation Community Hospital E.D.

("hospital") in Okemah, Oklahoma on January 12, 2020, where he was examined and then discharged home with a diagnosis of sinusitis. *Id*., ¶ 25.  During the visit, an ECG was performed which showed an acute myocardial infarction in progress. *Id*.  In the evening of January 13, 2020, Mr. Patterson collapsed at home and was transported to St. Francis Hospital in Tulsa, Oklahoma, where he was pronounced dead at 11:08 p.m. *Id*., ¶ 26.  Subsequently, an autopsy revealed that Mr. Patterson died from a myocardial infarction. *Id*., ¶ 27.  Plaintiff alleges that the medical staff of the hospital misdiagnosed and mistreated Mr. Patterson by misreading and failing to act on the ECG findings. *Id*., ¶ 28. Additionally, Plaintiff asserts that the hospital had a non-delegable duty to hire, train, monitor, formulate, adopt and enforce adequate rules and policies, and credential its employees and should be responsible for any negligence under theories of ostensible agency and/or respondeat superior. *Id*., ¶¶ 41-53.

## ARGUMENTS AND AUTHORITIES

I. **NO JURISDICTION EXISTS FOR NEGLIGENT CREDENTIALING, TRAINING, RETENTION, AND SUPERVISION UNDER THE DISCRETIONARY FUNCTION EXCEPTION.**

### A. Plaintiff Must Establish this Court's Jurisdiction and Must Show that the United States has Waived Sovereign Immunity.

If at any time a district court determines that it lacks subject-matter jurisdiction, then it must dismiss the action.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).  The presumption in each case is that a matter lies outside a federal court's limited jurisdiction, and the burden of overcoming that presumption rests on the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376 (1994).  If jurisdiction is challenged, the party asserting jurisdiction must show it by a preponderance of the evidence, and conclusory allegations will not suffice. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th

Cir. 1999); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In a suit against the United States, a plaintiff not only must establish the court's jurisdiction generally but also must demonstrate a specific waiver of sovereign immunity. Absent a waiver, sovereign immunity shields the United States from suit. Sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Normandy Apartments, Ltd. v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009). A fundamental principle of sovereign immunity is that the United States "is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Any ambiguities are resolved against waiver and in favor of sovereign immunity of the United States. *United States v. Williams*, 514 U.S. 527, 531 (1995).

### B. The Federal Tort Claims Act and its Discretionary Function Exception.

Congress has consented to suit under the FTCA for particular claims which arise out of the performance of Indian self-determination contracts. *Hinsley v. Standing Rock Child Protective Services*, 516 F. 3d 668, 672 (8th Cir. 2008). The Muscogee Creek Nation (MCN) operates a health system for which it receives funding from the Indian Health Service, through its self-determination compact entered into according to the Indian Self Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. Chapter 14. The compact between the MCN and the United States provides that the MCN will provide services under the compact and funding agreements in accordance with federal statutes and regulations. Under federal law, when an Indian tribe provides medical services while "carrying out a contract, grant agreement, or cooperative

agreement under the ISDEAA, the tribe and its medical providers are deemed to be part of the Public Health Service for FTCA purposes. 25 U.S.C. § 5321(d).

The FTCA constitutes a "'limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.'" *Garling v. United States Environmental Protection Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017). The FTCA is a specific, congressional exception to the general rule of sovereign immunity. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam). It permits suits against the United States only under certain circumstances, which "must be scrupulously observed, and not expanded, by the courts." *Id*. Several exceptions limit the FTCA's waiver of sovereign immunity. More specifically, 28 U.S.C. § 2680 sets forth specific limitations on the waiver of sovereign immunity, and the discretionary function exception is one such exception where sovereign immunity has not been waived. *See* 28 U.S.C. § 2680(a).

The discretionary function exception precludes liability for any claim based on "an act or omission of an employee of the Government exercising due care…based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). The purpose of the exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v.*

4

*Gaubert*, 499 U.S. 315, 322 (1991). When the discretionary function exception applies, district courts must dismiss the claim for lack of subject matter jurisdiction. *Id* at 324.

### C. Because the United States has not Waived its Sovereign Immunity for Acts that Constitute Discretionary Functions, the Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims.

The Supreme Court has created a two-step test to determine whether a governmental action or omission falls within the ambit of the discretionary function exception. First, a court must analyze whether the act "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. at 322 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)); *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997). Secondly, the test requires the challenged conduct to be "of the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536.

#### 1. Retaining, supervising, and privileging medical providers involves an element of judgment or choice.

"[I]f a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,'" there is no judgment or choice involved. *Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). The inquiry, thus, focuses on "whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner." *Hughes*, 110 F.3d at 768. At this first step, in order for the discretionary function exception to apply, the conduct at issue must not be mandated by a controlling federal statute, regulation, or guideline. *Gaubert*, 499 U.S. at 322. This is because the discretionary function exception does not protect conduct "if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow because the employee has no rightful option but to adhere to the directive." *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997) (citations omitted).

To avoid the discretionary function exception, a plaintiff must identify, with specificity, which regulation or policy the United States employees allegedly violated. *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1538 (10th Cir. 1992) (Plaintiffs' allegations that an agency's actions were restricted by a "myriad of statutes, regulations, policies, guidelines and standards" were insufficient to establish that specific and mandatory directives were violated.). In order to remove the conduct from the realm of discretion, a statute or regulation must be both mandatory and specific such that there is no element of judgment or choice and "[t]he employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536.

Here, Plaintiff fails to identify any specific statute, regulation or policy statement of the United States that mandated the manner in which the hospital was required to undertake decisions regarding credentialing, training, retention, and supervision of its employees. *See Snyder v. United States*, 590 F.Appx. 505, 510 (6th Cir. 2014) ("Significantly, Plaintiff points to no specific regulations that would constrain the judgment exercised in making these decisions."); *Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) ("There was no evidence presented of a statute, regulation or policy giving specific direction as to any of these functions in a way that would make them non-discretionary.") By failing to identify any statute, regulation or policy of the United States, Plaintiff fails to remove the conduct involved in the credentialing, training, retention, and supervision of its employees, much less the employees of its independent contractors, from the realm of discretion. These decisions axiomatically involved an "element of choice or judgment" by the hospital and satisfy the first prong of the *Berkovitz-Gaubert* framework for the discretionary function exception.

## 2. The discretionary function exception was designed to shield the hiring, credentialing, retention and supervision of the hospital medical providers.

The second step of the *Berkovitz-Gaubert* test requires the challenged conduct to be "of the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536. Employment and supervisory decisions are so inherently discretionary that courts "do not inquire into the intent of the government supervisor when making specific personnel decisions" and do not ask "whether policy analysis is the actual reason for the decision in question." *Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir. 2008) (quoting *Duke v. Dept. of Agric.*, 131 F.3d 1407, 1413 (10th Cir. 1997)). Instead, courts operate at a higher level of generality, "asking categorically (rather than case specifically) whether the kind of conduct at issue can be based on policy concerns." *Id.* The *Sydnes* Court further held that:

> employment and termination decisions are, as a class, the kind of matters requiring consideration of a wide range of policy factors, including "budgetary constraints, public perception, economic conditions, individual backgrounds, office diversity, experience and employer intuition." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C.Cir.1997); *see also Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir.1995). Choosing how to evaluate these various policy considerations, determining which to give more weight to, and ultimately deciding whether a particular individual with a certain skill-set and temperament will help an agency fulfill its mission all involve sensitive policy judgments, and an employer or supervisor must decide which blend of skills will best aid the agency in performing its legally-prescribed duties.

*Sydnes v. United States*, 523 F.3d 1179, 1186 (10th Cir. 2008). Moreover, "it is unnecessary for government employees to make an actual 'conscious decision' regarding policy factors." *Keihn*, 984 F.2d 1100, 1105 (quoting *Allen v. United States*, 816 F.2d 1417, 1422 n. 5 (10th Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988)).

In addition to *Sydnes*, the Tenth Circuit has further recognized that "[d]ecisions regarding employment and termination are inherently discretionary…and such sensitive decisions are precisely the types of administrative action the discretionary function exception seeks to shield

7

from judicial second-guessing." *Richman v. Straley*, 48 F.3d 1139, 1146-47 (10th Cir. 1995). This position is well-settled throughout the country. *See Snyder v. United States*, 590 F. App'x 505, 510 (6th Cir. 2014) ("This Circuit has consistently held that agency supervisory and hiring decisions fall within the discretionary function exception."); *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) ("We have held the hiring, supervision, and training of employees to be discretionary acts."); *Suter v. United States*, 441 F.3d 306, 312 n.6 (4th Cir. 2006) ("Courts have repeatedly held that government employers' hiring and supervisory decisions are discretionary functions"); *Claude v. Smola*, 263 F.3d 858, 861 (8th Cir. 2001) ("hiring decisions are a common example of a discretionary function involving policy judgments"); *Andrews v. United States*, 121 F.3d 1430, 1440-1441 (11th Cir. 1997) (holding discretionary function exception precluded government's liability on negligent failure to supervise); *Burkhart v. Wash. Metro Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) ("the hiring training, and supervision choices that WMATA faces are choices 'susceptible to policy judgment'"); *Attallah v. United States*, 955 F.2d 776, 784-85 (1st Cir. 1992); *Lussier v. Dugger*, 904 F.2d 661, 672 (11th Cir. 1990) (noting that the "functions of hiring and firing" are discretionary).

In this case, the hospital's decisions regarding the credentialing, training, retention, and supervision of its medical providers fall squarely within the discretionary function exception of the FTCA and were the types of decisions the discretionary function exception were intended to shield. Indeed, this Court previously found that the discretionary function exception applied to this exact same claim and dismissed it in a similar previous case. In *Hurst v. United States of America*, 6:17-cv-00189-RAW, Doc. 42, at 1, (also attached as Exhibit A), the plaintiffs asserted the same claim that "agents or employees of [Chickasaw Nation Medical Center] were negligent in retaining, supervising, privileging and otherwise entrusting the care and treatment of its patients

to Dr. McTague, as a result, Plaintiffs suffered the damages set forth herein." In its Order, the Court noted the following:

> Defendant [United States] asserts that any claim for negligent hiring and retention should be dismissed based upon the discretionary function exception. The court agrees. 'Federal appellate courts stand in agreement that decisions relating to the hiring, training, and supervision of employees are inherently a discretionary function.' (citations omitted). The court has found no authority precluding this principle from application in the context of alleged medical malpractice. Defendant has acknowledged that Dr. McTague was an employee rather than an independent contractor (#33 at 2) but again extant authority applies the same principle.
>
> *Id.*, at 2-3.

Because it lacked subject matter jurisdiction, this Court dismissed the *Hurst* plaintiff's theory of negligent hiring, supervision, retention or privileging with respect to the health facility's hiring and retention decisions of the employee doctor at issue. The exact same theory is asserted in this case against the United States, and the same result should occur. Accordingly, Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(1).

## II. NO JURISDICTION EXISTS FOR OSTENSIBLE AGENCY, RESPONDEAT SUPERIOR AGAINST THE UNITED STATES AS THE FTCA IS THE EXCLUSIVE REMEDY.

Plaintiff's common law theories of ostensible agency and respondeat superior are inapplicable to the extent she asserts them against the United States. Under the FTCA, the government can only be held liable for the negligence of its employees and not independent contractors. *See* 28 U.S.C. § 2679(b)(1); *Bethel v. United States*, 456 Fed. Appx. 771, 778 (10th Cir. 2012). Neither common law doctrine allowing the imputation of liability can override the sovereign immunity afforded the United States in the absence of an unequivocal waiver found in the statutory text. *Id.* at 781. Therefore, only negligence claims asserted against an employee of the United States acting within the course and scope of their employment are allowed under the FTCA as it is the exclusive remedy for medical malpractice against United States' employees. *See*

*e.g. In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) (citing 28 U.S.C.A. § 2679(a) (providing that FTCA remedy is "exclusive" for all "claims which are cognizable under section 1346(b)")). To the extent plaintiff is claiming the United States is liable under theories of ostensible agency/respondeat superior, those claims should be dismissed.

## COMPLIANCE WITH LOCAL RULE 7.1(o)

Further amendment to the Second Amended Complaint would be futile as there is no subject matter jurisdiction against the United States for negligent credentialing, training, retention, and supervision claims under the discretionary function exception to the FTCA. No amendment will make this claim viable. Additionally, any further amendment would be futile to the extent a theory based on ostensible agency/respondeat superior is asserted as to the United States since the FTCA, not common theories of negligence, is the only remedy available against the United States for claims of negligence of its employees.

## CONCLUSION

The Plaintiff has failed to demonstrate that subject matter jurisdiction exists for her claims of negligent credentialing, training, retention, and supervision, and ostensible agency, respondeat superior as to the United States. The United States has not waived its sovereign immunity for the claims under the discretionary function exception to the FTCA. Further, this Court previously held that it lacked subject matter jurisdiction on this theory of liability. Finally, the FTCA is the exclusive remedy against the United States for the negligence of its employees and therefore, common law theories of ostensible agency, respondeat superior do not apply. Accordingly, Plaintiff's Count 2 claims should be dismissed as to the United States pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*s/ Jason Poe*
SUSAN STIDHAM BRANDON
JASON POE
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Phone: 918-684-5112
Email: susan.brandon@usdoj.gov
Email: jason.poe@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants: Michael Barkett at mbarkett@smithbarkett.com, Elizabeth Hall at ehall@rodolftodd.com, Kelsey Payton at Kelsey@rodolftodd.com, Sidney Smith at Ssmith@richardsconnor.com, and Adam Wilson at Awilson@richardsconnor.com.

*s/ Jason Poe*
Assistant United States Attorney
Jason Poe