UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA PATTERSON, Personal Representative of the Estate of Wade Fallon Patterson, deceased,<br>    Plaintiff,<br>v.<br><br>1) UNITED STATES OF AMERICA, *ex rel.* THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, INDIAN HEALTH SERVICES, d/b/a Okemah Creek Nation Community<br>2) DOUGLAS DAVIES, M.D.;<br>3) OKLAHOMA HEART INSTITUTE, a Tennessee Corporation,<br>4) ADRIENNE TAREN, M.D.;<br>5) GREEN COUNTRY EMERGENCY PHYSICIANS OF TULSA, PLLC;<br>6) KENNETH MANN, D.O.;<br>7) DIAGNOSTIC IMAGING ASSOCIATES, INC.;<br>8) JENNIFER COLOMBIN, R.N.;<br>9) KATHERINE WILSON, R.N.;<br>10) ROBISON MEDICAL RESOURCE GROUP, LLC d/b/a GIFTED HEALTHCARE; and<br>11) DAVID GALLEGOS, ARRT;<br>12) JOHN AND JANE DOE MEDICAL PROVIDERS,<br>    Defendants. | Case No. 21-cv-00247-RAW |

**PLAINTIFF'S RESPONSE TO UNITED STATES OF AMERICA'S MOTION FOR PARTIAL DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, Brenda Patterson, Personal Representative of the Estate of Wade Fallon Patterson, deceased, and responds to Defendant United States of America's ("USA") Motion for Partial Dismissal for Lack of Subject Matter Jurisdiction, as follows:

1

## **MOTIONS TO DISMISS NOT FAVORED**

Generally, a petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory ... When a trial court is considering its ruling on a § 2012(B)(6) motion he should not ask whether the petition points to an appropriate statute or legal theory, but whether relief is possible under any set of facts that could be established consistent with the allegations. *Indiana Nat'l Bank, Id.,* at 357-376, citing, *Kentucky Central Life Ins. Co. v. LeDuc,* 814 F.Supp. 832, 835 (N.D. Cal. 1992); and *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992).

Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, it is subject to the same standard as a motion brought under Rule 12(b)(6). See *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In either case, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane*, 529 F.3d at 557; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). *Guerrero v. United States*, 2017 WL 7921198. A pleading is merely required to contain a short and plain statement of the claim showing the pleader is entitled to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pueblo of Jemez v. U.S.*, 790 F.3d 1143, 1171 (10th Cir. 2015)(internal quotations and citations omitted). A heightened pleading requirement has been

specifically rejected. *Id*. "In other words, Rule 8(a)(2) still lives…[U]nder Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the ground upon which it rests." *Id*. (quoting *Khalik*, 671 F.3d at 1191. "In each case, [t]he nature and specificity of the allegations required to state a plausible claim will vary based on context, and this context specific task…requires the reviewing court to draw on its judicial experience and common sense." *Id*. (internal quotations and citations omitted). "A complaint that omits some necessary facts may still satisfy this requirement so long as the court can plausibly infer the unarticulated assumptions." *Miles v. Washington*, 2009 U.S.Dist. LEXIS 7300, at * 4 (E.D. Okla. Feb. 2, 2009)(quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).

> When a federal court reviews the sufficiency of a complaint, before the reception of evidence either by affidavit or admissions, its task is a limited one. The issue on a 12(b)(6) motion is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. The notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Id*. at *9-10 (internal quotations and citations omitted)(emphasis added). *See also*, *Pointer v. City of Tulsa*, 2014 U.S. Dist. LEXIS 118744, at * 6-7 (N.D. Okla. Aug. 26, 2014)("'Asking for plausible grounds…simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]…Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.")(quoting *Towmbly* at 556). "[T]he 12 (b)(6) standard does not require that Plaintiff establish a *prima facie* case in her compliant, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez,* 790 F.3d at 1171. (Internal quotations and citations omitted). The elements of each alleged cause of action help to determine whether a plaintiff has set forth a plausible claim but specific facts are not necessary. *Ehireman,*

2014 U.S. Dist. LEXIS 151429, at *10 (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by the motion. *Sizova v. Nat'l Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002). *Eaglesun Sys. Prods., Inc. v. Ass'n of Vill. Council Presidents*, No. 13-CV-0438-CVE-PJC, at *6 (N.D. Okla. Mar. 20, 2014).

**RESPONSE AND LIMITED OBJECTION TO THE USA's MOTION TO DISMISS**

While the facts of this case are simple, the case has become more complicated since Plaintiff put the USA on notice of her claims because counsel for the USA has made representations to Plaintiff's Counsel regarding certain information that could not have possibly been known before providing notice under the FTCA.[1] The representations made by the USA to Plaintiff's Counsel are that -- with the exception of two individual medical providers -- all known, named medical care providers involved in this case were contract employees provided through medical staffing companies and/or medical groups *via* contracts with the Muskogee Creek Nation Department of Health ("MCN"). The admitted *direct* employees of the USA include Defendant Jennifer Colombin, RN and radiology tech David Gallegos, ARRT.

Since filing the *First Amended Complaint*, Counsel for the USA has provided to Counsel for Plaintiff contracts with certain medical staffing and medical provider groups that purport to provide to the MCN much of the staff and medical providers involved in this case. The contracts, however, do not identify exactly which providers are encompassed by each or the precises nature of the contracts with the Tribe. Moreover, the USA has provided some conflicting information regarding which providers were direct employees of the MCN and which were contract employees,

---

[1] Proper notice under the FTCA has not been raised as an issue in the USA's Motion to Dismiss.

*e.g.*, Nurse Katherine Wilson has been identified by the USA as both a contract employee of Defendant Robison Medical Group, LLC and as a direct employee of the Tribe. Thus, there are many discrepancies that will require some discovery to fully rectify and which should mandate denial of the Motion to Dismiss. Plaintiff has requested the credentialing files of the medical providers involved in hope of learning more about their employment relationship with the Tribe but the USA has refused this request. As will be shown below, these issues require discovery which renders this case not subject to dismissal.

The limited representations made by the USA to Counsel for Plaintiff to date include that:

1. Defendant Dr. Adrienne Taren, M.D. was employed by Defendant Green Country Emergency Physicians of Tulsa, PLLC ("GCEP") who provided Dr. Taren's medical services to the MCN through a contract for the provision of emergency medical staff. (Dkt.42 ¶ 11; See also, MCN Department of Health Professional Services Agreement with Defendant GCEP, attached as Ex. "1");

2. Defendant Kenneth Mann, D.O. was employed by Defendant Diagnostic Imaging Associates, Inc. ("DIA") who provided Dr. Mann's medical services to the MCN through a contract for the provision of medical staff. (Dkt.42 ¶ 15; See also, MCN Department of Health Memorandum of Understanding with Defendant DIA, attached as Ex. "2"); and

3. Defendant Katherine Wilson, R.N was employed by Defendant Robison Medical Resource Group, LLC d/b/a Gifted Healthcare ("RMR") who provided Nurse Wilson's medical services to the Creek Nation through a contract for the provision of medical staff.[2] (Dkt.42 ¶ 18;

---

[2] Counsel for the USA represented at one time that Defendant Jennifer Colombin, R.N. was a contract employee provided through a staffing agreement between the MCN and RMR. Counsel has since advised that Nurse Colombin was a direct employee of the USA.

5

See also, MCN Department of Health Staffing Agreement with Defendant RMR, attached as Ex. "3").[3]

Plaintiff has properly pled alternatively that the contract employees provided through contracts between the MCN and certain medical staffing companies are liable in either their individual capacities (See, ¶¶ 11, 12, 13, 14, 15, 16, 17, 18, 19) and/or as employees and agents of the USA (See, ¶¶ 10, 23, 25, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 52, 53). These include claims against the USA under 25 U.S.C. §§ 1638c and 1680c. (See, Dkt.42, ¶42).

**Plaintiff concedes USA's Motion to the extent that Plaintiff's Second Amended Complaint asserts any claims against the USA for negligent credentialling, training, retention, and/or supervision over the other named Defendants.** Plaintiff maintains such claims, however, against the medical staffing and medical group Defendants with regard to the individual named Defendants.[4]

Plaintiff does not concede and objects to the USA's Motion to the extent it seeks dismissal of claims against it for the *negligence* of its direct and contract employees because the USA is responsible for the negligent acts of the individuals it staffed its medical facility with. Neither theories of "ostensible agency" or "*respondeat superior*" theory involves a "discretionary function." Rather, each is merely a concept of employment and/or agency which mandates responsibility of the master for the acts of its servants. If the semantics of the terms "ostensible agents" and "*respondeat superior*" are problematic to the USA the claims are still sufficiently set forth to provide notice to the USA that Plaintiff is seeking relief under the FTCA against the USA

---

[3] Defendants Douglas Davies, M.D. and his employer Oklahoma Heart Institute who were sent the ECG testing to interpret and return the facility have always been identified as third-party individual Defendants (Dkt. 42, ¶¶24, 29, 30 but Plaintiff will need discovery to understand and learn the true nature of their relationship to the MCN, contractually or otherwise.
[4] This Court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(a) and (d).

for the negligent acts of its staff at the facility in which the negligent care was provided to Plaintiff's husband. To the extent Plaintiff needs to clarify its claims in this regard with an Amended Complaint, she should be permitted to do so to avoid dismissal. In this regard, the USA's assertion that amendment would be futile pursuant to Local Rule LCvR 7.1(o) is incorrect. Plaintiff could satisfy the USA regarding the terms "ostensible agency" and "*respondeat superior*" for claims against the USA to directly state that the USA should be held responsible for the negligent acts of its employees and its contract employees as discussed in the next paragraphs herein. Further, Plaintiff should be permitted to conduct discovery to determine exactly the nature of the employment relationship and contracts between each Defendant and the USA and whether such contracts meet the criteria set forth below.

Certainly, the claims against the USA for the negligent acts of its direct employees Nurse Colombin and Mr. Gallegos are viable against the USA. Moreover, as noted by this Court in its Order in the case of *Hurst v. USA*, CIV-17-189-RAW (attached to the USA's Motion as Exhibit "A") Congress also extended the FTCA's waiver of the United States' sovereign immunity to include claims that arise from the performance of duties under a contract issued pursuant to the Indian Self-Determination and Education Assistance Act (ISDEAA). *Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 672 (8th Cir. 2008). The ISDEAA was enacted to help Indian tribes assume responsibility for programs or services that the Department of Health and Human Services or the Department of the Interior would otherwise provide to the tribes' members. *Navajo Nation v. United States Dep't of the Interior*, 852 F.3d 1124, 1126 (D.C.C. 2017); see 25 U.S.C. §§ 5301 *et seq.* Section 5321(d) deems Tribal organizations and Indian contractors as part of the Public Health Service while carrying out a self-determination contract, and narrowly waives the Government's sovereign immunity for injuries caused by "an Indian tribe,

a tribal organization or Indian contractor while providing medical, surgical, dental, and related functions or operating an emergency motor vehicle pursuant to a contract, grant agreement or cooperative agreement between the Indian tribe and the federal government under 25 U.S.C. §§ 5321 or 5322." 25 U.S.C. § 2521.  See, *Guerrero v. United States*, 2017 WL 7921198.

Title 25 U.S.C.A. § 5321(d) sets forth the following:

> (d) Tribal organizations and Indian contractors deemed part of Public Health Service.
>
> For purposes of section 233 of Title 42, with respect to claims by any person, initially filed on or after December 22, 1987, whether or not such person is an Indian or Alaska Native or is served on a fee basis or under other circumstances as permitted by Federal law or regulations for personal injury, including death, resulting from the performance prior to, including, or after December 22, 1987, of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations, or for purposes of section 2679, Title 28, with respect to claims by any such person, on or after November 29, 1990, for personal injury, including death, resulting from the operation of an emergency motor vehicle, an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under sections 5321 or 5322 of this title is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees (including those acting on behalf of the organization or contractor as provided in section 2671 of Title 28, **and including an individual who provides health care services pursuant to a personal services contract with a tribal organization for the provision of services in any facility owned, operated, or constructed under the jurisdiction of the Indian Health Service) are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement**: *Provided,* That such employees shall be deemed to be acting within the scope of their employment in carrying out such contract or agreement when they are required, by reason of such employment, to perform medical, surgical, dental or related functions at a facility other than the facility operated pursuant to such contract or agreement, but only if such employees are not compensated for the performance of such functions by a person or entity other than such Indian tribe, tribal organization or Indian contractor.  25 U.S.C.A. § 5321(d).

Further, 25 U.S.C.A. § 1680c(c)(2) provides that: "…Any services provided by the Indian tribe or tribal organization pursuant to a determination made under this subparagraph shall be deemed to be provided under the agreement entered into by the Indian tribe or tribal organization

under the Indian Self-Determination and Education Assistance Act…" Section 1680(e) also provides that:

> Hospital privileges in health facilities operated and maintained by the Service or operated under a contract or compact pursuant to the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 *et seq.*) may be extended to non-Service health care practitioners who provide services to individuals described in subsection (a), (b), (c), or (d). **Such non-Service health care practitioners may, as part of the privileging process, be designated as employees of the Federal Government for purposes of section 1346(b) and chapter 171 of Title 28 (relating to Federal tort claims) only with respect to acts or omissions which occur in the course of providing services to eligible individuals as a part of the conditions under which such hospital privileges are extended.**

In the case at bar, Plaintiff has requested the credentialling files of the practitioners involved in this case to help determine the application of Section 1680c but the USA has refused. Accordingly, Plaintiff should be permitted to conduct formal discovery in this issue before any Motion to Dismiss should be granted.

Moreover, 25 U.S.C.A. § 1638c provides that:

> In fiscal year 1995 and thereafter (a) the Secretary may enter into personal services contracts with entities, either individuals or organizations, for the provision of services in facilities owned, operated or constructed under the jurisdiction of the Indian Health Service; (b) the Secretary may exempt such a contract from competitive contracting requirements upon adequate notice of contracting opportunities to individuals and organizations residing in the geographic vicinity of the health facility; (c) consideration of individuals and organizations shall be based solely on the qualifications established for the contract and the proposed contract price; and **(d) individuals providing health care services pursuant to these contracts are covered by the Federal Tort Claims Act.** 25 U.S.C.A. § 1638c.

As the Court can see, this case is long way removed from being ripe for a motion to dismiss. The Second Amended Petition, taken as true, asserts valid claims over which this Court should have jurisdiction. Again, Plaintiff concedes USA's Motion to the extent that Plaintiff's Second Amended Complaint asserts any claims against the USA for negligent credentialling, training,

retention, and/or supervision. However, Plaintiff maintains that all other claims are valid and that she should be afforded an opportunity to conduct further discovery on the issues.

Respectfully submitted,

By: */s/ Michael L. Barkett*
Michael L. Barkett, OBA #16171
Smith Barkett Law Group
1202 East 33rd Street
Tulsa, Oklahoma 74105
918.582.6900 – Telephone
918.582.6907 – Facsimile
mbarkett@smithbarkett.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF MAILING

I hereby certify that on January 28th, 2022, I electronically filed the foregoing Plaintiff's Response to USA's Motion for Partial Dismissal, with the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

| Elizabeth K. Hall<br>Kelsey R. Patton<br>ehall@rodolftodd.com<br>kelsey@rodolftodd.com<br><br>*Attorneys for Defendants Davies and Oklahoma Heart Institute* | Sidney D. Smith<br>Adam L. Wilson<br><br>ssmith@richardsconnor.com<br>awilson@richardsconnor.com<br><br>*Attorneys for Defendants Taren* |
|---|---|
| Susan Brandon<br>Jason Poe<br>Susan.brandon@usdoj.gov<br>Jason.poe@usdoj.gov<br><br>*Attorneys for Defendant USA, ex rel The Dept of Health and Human Services* | |

*/s/ Michael L. Barkett*