IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRENDA PATTERSON, Personal Representative )
of the Estate of Wade Fallon Patterson, deceased, )
)
                      **Plaintiff,**    )
v.                                       )       Case No. 21-CV-00247-RAW
)
UNITED STATES OF AMERICA, et al.    )
)
                      **Defendants.**   )

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT,
UNITED STATES OF AMERICA'S MOTION FOR PARTIAL
DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW, the United States of America, by and through, Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma, and Susan Stidham Brandon and Jason Poe, Assistant United States Attorneys and replies to plaintiff's Response to Defendant, United States of America's Motion for Partial Dismissal for Lack of Subject Matter Jurisdiction (Doc. 60) as follows:

Plaintiff concedes the United States of America's motion to the extent that plaintiff's Second Amended Complaint (Doc. 42) asserts any claims against the United States for negligent credentialling, training, retention, and/or supervision over any health care provider in this matter. *See* Doc. 60, p. 6. The only issue remaining is whether any employee of the United States was negligent in this case. The United States and plaintiff agree that Jennifer Colombin, RN, and David Gallegos, ARRT, are employees of the United States, and this Court has substituted the United States for those individually named employees. *See* Doc. 59. The plaintiff, however, continues to assert that the other named defendants should be considered contract employees for purposes of the FTCA based on theories of ostensible agency or respondeat superior or pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA") or specific provisions of the Indian

Health Care Improvement Act, 25 U.S.C. § 1601 *et seq*. (particularly sections 1680c, 1680c(e), and 1638c)  None of those theories, however, convert independent contractors into employees of the United States.

### A. Apparent Agency Claims of Ostensible Agency or Respondeat Superior Do Not Convert Independent Contractors into Federal Employees for Purposes of the FTCA

The plaintiff failed to address the well-established law that the determination of whether one is an employee of the United States is to be determined by federal law. *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983).  As noted by the United States Supreme Court, the federal courts "'[are] free to look to the law of torts and agency to define 'contractor,' it does not leave them free to abrogate the exemption that the [FTCA] provides.'" *Logue v. U.S.*, 412 U.S. 521, 528 (1973). Under the FTCA, the United States does not waive sovereign immunity for acts of independent contractors. Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver. *U.S. v. Orleans*, 425 U.S. 807, 814 (1976); *Bethel v. United States*, 456 Fed. Appx 771, 778 (10th Cir. 2012).  To the extent that plaintiff is claiming the United States is liable for conduct of non-federal employees (sometimes referred to herein as "non-employees") or independent contractors under theories of ostensible agency or respondeat superior, as pled by plaintiff in Count 2 of the Amended Complaint (Doc. 42, ¶¶ 43-53), those claims should be dismissed. *See also Walker v. U.S.*, 549 F. Supp. 973, 978 (W.D. Okla. 1982) (noting that the court "knows of no case which holds that the limited waiver of sovereign immunity in the FTCA extends to any of the exceptions to the independent contractor defense recognized by State law").

**B. Plaintiff's Reliance Upon the (ISDEAA) Does Not Provide Independent Contractors Coverage Under the FTCA**

Plaintiff further relies on the ISDEAA to support their position that the non-employee or independent contractor health care providers should be covered by the FTCA's waiver of the United States' sovereign immunity. This reliance, however, is misplaced. The ISDEAA supports federal policy by providing Indian tribes control over federal programs benefitting them. 25 U.S.C. § 5321 (amended 2000). The applicable portion of section 5321(d) addresses how tribal organizations and Indian contractors are considered part of the Public Health Service:

> an Indian tribe, a tribal organization or Indian contractor carrying out a contract … under section 5321 … of this title is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract … and its employees (including those acting on behalf of the organization or contractor as provided in section 2671 of Title 28, and including an individual who provides health care services pursuant to a personal services contract with a tribal organization for the provision of services …) are deemed employees of the Service while acting within the scope of their employment in carrying out the contract . . . .

(footnote omitted).

Under this statute "in order to be 'an individual who provides health care services pursuant to a personal service contract with a tribal organization,' the individual must himself or herself have entered into a personal services contract with an Indian tribe, tribal organization or Indian contractor. It is not enough for the individual to have entered into a personal services contract with an entity that has entered into an agreement as an independent contractor with an Indian tribe, tribal organization or Indian contractor." *Sisto v. U.S.*, 8 F.4th 820, 826-27 (9th Cir. 2021).

In this case, there is no evidence that any non-employee health care provider or independent contractor entered into a self-determination contract. As noted in *Sisto* above, in order to enter into a self-determination contract they must be a tribe, tribal organization or an Indian contractor under 25 U.S.C. § 5321, and there is no evidence that anyone entered into an agreement with the

3

Secretary of Health and Human Services. In fact, here, all contracts are agreements between private companies and the Muscogee Creek Nation Department of Health ("MCN"). (*See* Doc 60-1, 60-2, 60-3, which apply to GCEP and Dr. Adrienne Taren, DIA and Dr. Kenneth Mann, and Robison Medical Group and Nurse Katherine Wilson, respectively). These are agreements between the defendants' employers and MCN and are not "self-determination contracts." None of the agreements are between the Secretary of HHS or Interior and a tribal entity. The ISDEAA simply does not contemplate that a private party, such as these entities, can enter into "self-determination contracts." *See Wooten v. Hudson*, 71 F. Supp. 2d 1149, 1152-53 (E.D. Okla. 1999) (noting "[b]y its very definition, a private individual cannot enter into a self-determination contract. Rather, only a tribal organization and the Secretary may do so.").

The plaintiff attempts to use section 5321 to attribute potential liability to the United States, despite the fact that Dr. Adrienne Taren, through Defendant Green Country Emergency Physicians of Tulsa, PLLC (GCEP), Dr. Kenneth Mann, through Defendant Diagnostic Imaging Associates, Inc. (DIA), and Katherine Wilson, R.N., through Robison Medical Resource Group, LLC d/b/a Gifted Healthcare, are not employees of an Indian tribe, a tribal organization or Indian contractor.[1] A similar unsuccessful attempt to tie liability to the United States occurred in *FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1231-32 (8th Cir. 1995), wherein a project engineer contracted with

---

[1] Even the contract between the MCN and GCEP, attached to plaintiff's response as Doc. 60-1, specifically states on page 2, under paragraph "6. Status of the Parties" that "GCEP is an independent contractor of the Nation and vice versa. **Nothing in this Agreement shall be construed to create . . . [an] employment relationship between the Parties**." Furthermore, Dr. Taren admitted in paragraph 12 of her Answer that she was employed by GCEP while providing care in the emergency room in Okemah. Doc. 52. Likewise, the contract between MCN and Robison Medical Resource Group, which is Nurse Katherine Wilson's employer, specifically states under "Section 2, Paragraph B.," that "[a]ll HCP assigned by Robison Medical Resource Group to Client **shall be employees** of Robison Medical Resource Group except HCP placed as direct hire. Robison Medical Resource Group shall be solely responsible for satisfying all state and federal wage and hour requirements and will provide malpractice, worker's compensation and unemployment insurance for each qualified HCP." Doc. 60-3, p. 2. Finally, the contract between MCN and Diagnostic Imaging Associates, which is Dr. Kenneth Mann's employer, specifically states under "Section III. Provider Credentialing and Privileging, B. Credentialing and Privileging" that "each Provider . . . shall render **Contracted Services** within the scope of each Provider's respective privileges at said hospital." Doc. 60-2, p. 2. (Emphasis added).

a tribe to renovate a dam located on the reservation. The Eighth Circuit affirmed the district court's finding that the engineers were not Indian contractors under the applicable statute:

> The ISDEAA limits the application of FTCA coverage to tort "claims resulting from the performance of functions ... under a contract, grant agreement, or cooperative agreement authorized by the Indian Self–Determination and Education Assistance Act of 1975." The Act specifies that "a contract ... entered into [part A of the ISDEAA] between a tribal organization and the appropriate Secretary for the planning, conduct, and administration of programs or services ... otherwise provided to Indian tribes and their members pursuant to Federal law" is a self- determination contract. Thus, by definition, the ISDEAA does not contemplate that a private party such as CCI can enter into a self-determination contract. **As the district court explained, the purpose and policy of the ISDEAA are best served if the term "Indian contractor" is limited to a tribe-related organization that may itself enter into a self-determination contract, not a private party such as CCI that has been retained to work on a project funded by a self-determination contract. Thus, CCI is not an "Indian contractor"** . . . .

*FGS Constructors, Inc.*, 64 F.3d at 1234-35 (emphasis added).

Interestingly, this same issue was addressed in *Wooten v. Hudson*, 71 F. Supp. 2d 1149 (E.D. Okla. 1999), wherein the alleged negligence of a doctor providing emergency room staffing services was found to not be covered by the FTCA.[2] The court analyzed the same portion of section 5321 (then section 450f), noting that "a private individual cannot enter into a self-determination contract. Rather, only a tribal organization and the Secretary may do so." *Wooten*, 71 F. Supp. 2d at 1152-53 (citing *FGS Constructors, Inc.*, 64 F.3d at 1234). FTCA liability can only be imputed on the United States based on "contracts entered into by a tribal organization and the Secretary of Health and Human Services." *Id*. at 1153 (citations omitted). The *Wooten* court ultimately concluded that because the contract covering Dr. Hudson for emergency room physician services

---

[2] The allegedly negligent doctor in *Wooten*, Dr. Hudson, was employed from 6am-6pm directly by CNC Hospitals, while separately employed by Quantum (EmCare) from 6pm-6am. While an employee of CNC Hospitals during the day, Dr. Hudson was covered by the FTCA, but while providing emergency room physician services at night through EmCare, Dr. Hudson was not afforded FTCA protection. *Wooten*, 71 F. Supp. 2d at 1152.

between Quantum (EmCare) and the CNC Hospitals was not a self-determination contract, the FTCA did not apply to Dr. Hudson's services performed at night. *Id*. at 1153.

Here, Dr. Adrienne Taren, for example, was employed by GCEP, which was contracted to provide emergency physician services for the Muscogee Creek Nation Health Department ("MCN"). GCEP, a private party, could not enter into a self-determination contract given that only a tribal organization and the HHS Secretary may do so. Therefore, as in *FGS Constructors, Inc.*, and *Wooten*, the contract for emergency physician services between GCEP and MCN is not a self-determination contract, and the FTCA does not apply to Dr. Taren's services performed at the MCN hospital. Because Dr. Taren is an independent contractor not covered by the FTCA, the Court should dismiss the plaintiff's claims against the United States which assert that non-employee or independent contractor health care providers should be covered by the FTCA.[3]

**C. Specific Provisions of the Indian Health Care Improvement Act Do Not Convert Independent Contractors into Federal Employees for Purposes of the FTCA**

In addition, plaintiff's reliance on specific provisions of the Indian Health Care Improvement Act, 25 U.S.C. § 1601 *et seq*., which include sections 1680c, 1680c(e)(1), and 1638c as referenced in Plaintiff's response are likewise misplaced. The Tenth Circuit held that section 1680c "specifically pertains to health services provided to ineligible persons at Indian Health Service facilities" and section 1680c(d) (now section 1680c(e)(1)) "simply excludes from FTCA protection non-Service health care providers who commit a tort during the treatment of ineligible persons." *Tsosie v. U.S.*, 452 F.3d 1161, 1167 (2006). The *Tsosie* Court went on to describe the plaintiff's argument, (which is just like plaintiff's argument in this case), that the independent

---

[3] The same argument and result should apply to the independent contractors supplied by Defendants DIA and Robison Medical Group, which provided the services of Dr. Kenneth Mann and Nurse Katherine Wilson, respectively.

contractor should be covered under the FTCA through application of section 1680c(e)(1) as a "topsy-turvy reading of the statute." *Id*. The *Tsosie* Court further held that under [1680c(e)(1)]:

> If a non-Service health care provider is granted hospital privileges to provide services to ineligible persons for one of the enumerated reasons in the statute, that non-Service health care practitioner *may* be covered by the FTCA for purposes of the care that he might give to an eligible person. By stating that non-Service health care practitioners *may* be covered by the FTCA, the statute clearly recognizes that there will be instances where the non-Service health care practitioners will not be covered by the FTCA, e.g., an independent contractor (non-personal services contract) which specifically requires that the contractor maintain its own liability insurance.

*Id*. (Emphasis in original).

Moreover, in a case similar to ours, the Court in *Lee v. United States*, 6:04-cv-00238-FHS, Doc. 18, at 8 (E.D. Okla. 2004),[4] held that section 1680c and 1680c(d) (now 1680c(e)(1)) had no application to the independent contractor in that case by stating that "FTCA coverage is implicated, however, only when the hospital privileges are conditioned upon the non-Service health care practitioners being regarded as employees of the Federal Government. No such condition exists in this case." The *Lee* court went on to state that:

> under § 1680[c(e)(1)], a non-service physician may be regarded as a federal employee for purposes of FTCA coverage when that coverage is 'part of the conditions under which such hospital privileges are extended.' The linkage necessary for FTCA coverage for providing services to eligible Indians requires an agreement to condition the physician's employment and hospital privileges on his being regarded a federal employee. In other words, FTCA coverage is negotiated for the grant of hospital privileges.

*Lee*, 6:04-cv-00238-FHS, Doc. 18, at 9.

Just like *Lee*, there are no such conditions in our case. Indeed, there are no allegations that any hospital privileges are conditioned upon the non-Service health care practitioners being

---

[4] A copy of the Court's Order in *Lee v. United States*, 6:04-cv-00238-FHS (E.D. Okla. 2004) is attached as Exhibit 1.

regarded as employees of the Federal Government, and the contracts attached to plaintiff's response (Doc. 60-1, 60-2, 60-3) clearly fail to state any such condition.

Finally, to the extent plaintiff attempts to use 25 U.S.C. § 1638c as a basis for liability under the FTCA, it too fails. A complete reading and interpretation of section 1638c shows that it applies to contracts entered into **by the Secretary of Health and Human Services**. In our case, none of the contracts are with the Secretary of Health and Human Services. Instead, the contracts are between private companies and the Muscogee Creek Nation Health Department. As a result, section 1638c is completely irrelevant to this case and does not provide a basis for FTCA coverage to be extended to non-employees or independent contractors.

## **CONCLUSION**

Plaintiff's claims of ostensible agency or respondeat superior do not convert independent contractors into federal employees for purposes of the FTCA. Furthermore, the ISDEAA and the specific provisions of the Indian Health Care Improvement Act also fail to provide independent contractors coverage under the FTCA under the circumstances in this case. Accordingly, plaintiff's Count 2 claims, to the extent they are asserted against the United States, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*s/ Jason Poe*
SUSAN STIDHAM BRANDON
JASON POE
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Phone: 918-684-5112
Email: susan.brandon@usdoj.gov
Email: jason.poe@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants: Michael Barkett at mbarkett@smithbarkett.com, Elizabeth Hall at ehall@rodolftodd.com, Kelsey Payton at Kelsey@rodolftodd.com, Sidney Smith at Ssmith@richardsconnor.com, and Adam Wilson at Awilson@richardsconnor.com.

                                            *s/ Jason Poe*
                                          Assistant United States Attorney