IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA PATTERSON, Personal Representative of the Estate of Wade Patterson, deceased.<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *ex rel.* the Department of Health and Human Services, Indian Health Services, d/b/a Okemah Creek Nation Community, et al.,<br><br>        Defendants. | Case No. CIV-21-247-RAW |

**ORDER**

Before the court is the motion of the defendant United States of America for partial dismissal. The second amended complaint (#42) makes allegations arising out of medical treatment of Wade Patterson in January, 2020. Four counts are alleged: (1) negligence, survivor, and wrongful death pursuant to Oklahoma law; (2) negligent credentialing, training, retention and supervision, and ostensible agency, *respondeat superior*; (3) punitive damages; and (4) breach of contract. As to the defendant United States, the claims are necessarily brought pursuant to the Federal Tort Claims Act (FTCA). The present motion is only directed at Count Two.

The federal government is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the government. *United*

*States v. Mitchell,* 445 U.S. 535, 538 (1980); *In re Franklin Sav. Corp.,* 385 F.3d 1279, 1287 (10th Cir.2004). The FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of its employees while acting in the scope of their employment. *Ratheal v. United States,* 2021 WL 3619902, *2 (10th Cir.2021)(citing 28 U.S.C. §1346(b)(1)). This waiver is limited by a number of statutory exceptions, including the discretionary function exception at issue here. *Id.*

The FTCA preserves the United States' sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. §2680(a). Plaintiff bears the burden of showing that the FTCA's discretionary function exception does not apply. *See Hardscrabble Ranch, LLC v. United States,* 840 F.3d 1216, 1220 (10th Cir.2016).

There is a two-pronged test for determining whether conduct falls within the discretionary function exception, but the court finds application of the test unnecessary. Plaintiff concedes that the present motion may be granted as to any claim against the United States for negligent credentialing, training, retention, and/or supervision over the other named defendants. (#60 at 6).[1] Plaintiff does not, however, concede as to her theories of ostensible agency or *respondeat superior.*

---

[1] In any event, the undersigned ruled to the same effect in *Hurst v. United States,* 2018 WL 10529521 (E.D.Okla.2018).

2

The court holds that the motion is properly granted as to the first of these theories as well. After citing other (district court) decisions, the court in *Briggs v. United States,* 2015 WL 4459323, *5 (W.D.Wash.2015) stated: "The doctrine of apparent agency is not applicable in an FTCA claim against the United States." Among the decisions cited was *Walker v. United States,* 549 F.Supp. 973, 978 (W.D.Okla.1982). "[T]he FTCA's waiver of sovereign immunity only extends to scope of employment. In other words, a plaintiff cannot hold the United States liable for a tort under the FTCA on any theory of vicarious liability, other than the theory of scope of employment." *Navajo Agric. Prods. Indus. v. United States,* 2022 WL 2116709, *7 (D.N.M.2022)(citation omitted).

As to *respondeat superior,* however, the issue is more difficult. This is a theory of vicarious liability, but related to scope of employment. Movant contends certain defendants were independent contractors, and that *respondeat superior* does not convert independent contractors into federal employees.[2] As the discussion in *Gonzagowski* makes clear, however, this is a conclusion only reached after analysis. "If the principal controls the conduct, the contractor is an employee rather than an independent contractor." 495 F.Supp.3d at 1101-02. Plaintiff responds that additional discovery is necessary on this point. The court agrees with plaintiff.

---

[2]"Torts committed through independent contractors' acts are also excepted from the FTCA, although not pursuant to 28 U.S.C. §2680's exceptions." *Gonzagowski v. United States,* 495 F.Supp.3d 1048, 1101 (D.N.M.2020). After a detailed factual examination (considering materials outside the pleadings under the summary judgment standard) that court ultimately dismissed a claim of vicarious liability and *respondeat superior. Id.* at 1119.

The parties have devoted discussion to contracts attached to plaintiff's response, as well as statutory provisions, as to whether certain named defendants were contract employees of the United States.[3]  In the court's view, this discussion is outside the scope of the present motion.  A determination of employment status relates to the simple negligence count (Count One).  The present motion is directed to Count Two.  It might be simpler for plaintiff to file a third amended complaint, limited to alleging the theory of *respondeat superior* in relation to Count One rather than Count Two.  Ultimately, employment status and scope of employment may be addressed in the summary judgment context.  This final aspect of the present motion (i.e., as to *respondeat superior*) will not be granted at this time.

A dismissal for lack of subject matter jurisdiction should be without prejudice.  *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006).  The court does so order.

It is the order of the court that the motion of the defendant United States of America for partial dismissal (#56) is hereby granted in part and denied in part. The claims in Count Two of the Second Amended Complaint, to the extent they are asserted against the United States, are dismissed without prejudice, with the exception of the theory of *respondeat superior.*

---

[3]The government has conceded that Jennifer Colombin and David Gallegos were employees of the United States.

**ORDERED THIS 13th DAY OF SEPTEMBER, 2022.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma